# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | | |
|---|---|---|
| ADAM J. MENDENHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 5:26-cv-06115-DGK |
| | ) | |
| INTERNATIONAL BROTHERHOOD OF | ) | |
| BOILERMAKERS, IRON SHIP | ) | |
| BUILDERS, BLACKSMITHS, FORGERS | ) | |
| AND HELPERS, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants, by and through their undersigned attorney, hereby move this Court for an Order dismissing Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(4) and Fed. R. Civ. P. 12(b)(5).

## LAW AND ARGUMENT

**The purported July 2, 2026 service was insufficient under rules 12(b)(4) and 12(b)(5).**

Federal Rule of Civil Procedure 12(b)(4) authorizes dismissal for insufficient process, while Rule 12(b)(5) authorizes dismissal for insufficient service of process. Although Rule 12(b)(4) generally concerns the sufficiency of the process furnished and Rule 12(b)(5) concerns the manner in which that process was delivered, the Eighth Circuit has recognized that "the distinction between the two insufficiencies is often blurred" and that service objections may appropriately be presented and analyzed under both rules. *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 884 n.2 (8th Cir. 1996).

The process furnished on July 2, 2026 was facially incomplete. Rule 4(c)(1) expressly provides that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). The same requirement is repeated in the provisions governing service upon individuals and associations. *See* Fed. R. Civ. P. 4(e)(2)(A)–(C) and 4(h)(1)(B).

The Declaration of Timothy Simmons establishes precisely what was (and was not) delivered. On July 2, 2026, an individual left papers with Travis Metsker, a maintenance employee at IBB's Kansas City office. Mr. Simmons was not present, and Mr. Metsker was not authorized to accept service of process for either Mr. Simmons or IBB. *See* Decl. of Timothy Simmons ¶¶ 3–6. The only materials left were the four pages attached to the Declaration as Exhibit A. Those materials consist of two summons forms and two handwritten envelopes identifying "IBB" and "Tim Simmons." No copy of the Complaint accompanied either summons. Mr. Simmons further declares that he has never received the Complaint, the Court's Standing Orders, or any other documents from Plaintiff. *Id*. ¶ 7 & Ex. A.

The omission of the Complaint independently renders the purported process insufficient. A summons standing alone is not the process required by Rule 4(c)(1). Indeed, the summons states that a failure to respond may result in judgment for the relief "demanded in the complaint," yet Plaintiff omitted the very pleading that identifies the claims, factual allegations, and relief to which Defendants were expected to respond. This is a complete omission of the initiating pleading that Rule 4 expressly requires to be served with the summons. Plaintiff therefore failed to furnish sufficient process, and the July 2 attempt is subject to dismissal under Rule 12(b)(4).

-2-

The manner of the attempted service was independently insufficient under Rule 12(b)(5). To the extent Plaintiff sought to serve Mr. Simmons individually, Plaintiff did not personally deliver the summons and Complaint to him, leave copies at his dwelling or usual place of abode with a resident of suitable age and discretion, or deliver copies to an agent authorized to receive service on his behalf. *See* Fed. R. Civ. P. 4(e)(2). The papers were instead left at a business office with a maintenance employee while Mr. Simmons was absent.

To the extent Plaintiff sought to serve IBB, Rule 4(h)(1)(B) required delivery of the summons and Complaint to an officer, managing or general agent, or another agent authorized by appointment or law to receive service. Mr. Metsker occupied none of those positions. Nor does the present record contain evidence that he was the person having charge of IBB's business office for purposes of Missouri law. *See* Mo. Rev. Stat. § 506.150.1(3). His mere employment as a maintenance worker does not establish authority to accept service.

Actual notice of the lawsuit cannot cure these defects. When a defendant has not been properly served, the Court lacks personal jurisdiction over that defendant regardless of whether the defendant later learns that the lawsuit exists. *Adams*, 74 F.3d at 885. Because Plaintiff neither furnished the complete process required by Rule 4(c)(1) nor delivered that process to a person authorized to receive it, the purported July 2, 2026 service should be quashed and the claims against Mr. Simmons and IBB dismissed without prejudice under Rules 12(b)(4) and 12(b)(5).

# **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's claims against Timothy Simmons and the International Brotherhood of Boilermakers without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). In the alternative, Defendants request that the Court quash the purported July 2, 2026 service and require Plaintiff to serve each Defendant with a properly issued summons and a copy of the Complaint in the manner required by Rule 4. Because valid service of the summons and Complaint has not occurred, the period for either Defendant to answer or otherwise respond has not begun to run. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

 */s/ Fiona Taus*
Raymond Salva, Jr       Mo. Bar No. 66191
Fiona E. Taus         Mo. Bar No. 75784
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile:  (816) 471-8450
E-mail : rsalva@bktplaw.com
E-mail:  ftaus@bktplaw.com
ATTORNEYS FOR DEFENDANTS

-4-

# CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Fiona Taus
ATTORNEYS FOR DEFENDANTS

-5-