IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

ADAM J. MENDENHALL,
    Plaintiff,

                                        Case No. 5:26-cv-06115-DGK

v.

INTERNATIONAL BROTHERHOOD OF
BOILERMAKERS, IRON SHIP
BUILDERS,
BLACKSMITHS, FORGERS AND
HELPERS,
et al.,
    Defendants.


## PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Adam J. Mendenhall, appearing pro se, submits these Suggestions in Opposition to the Motion to Dismiss filed by Defendants Timothy Simmons and the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers ("IBB") under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). (ECF No. 11.) The motion should be denied to the extent it seeks dismissal. If the Court concludes that the July 2, 2026 service attempt was deficient, the appropriate and efficient remedy is to quash that attempt and allow Plaintiff a reasonable time to complete service, which is the alternative relief Defendants themselves request.

## BACKGROUND

Plaintiff filed this action on July 1, 2026. According to Defendants' motion, a process server delivered papers at IBB's Kansas City office on July 2, 2026. Defendants contend that the papers did not include a copy of the Complaint and were left with a maintenance employee who was not authorized to accept service. Defendants therefore seek dismissal without prejudice, or alternatively an order quashing the July 2 service attempt and requiring proper service.

For purposes of resolving the present motion efficiently, Plaintiff assumes without admitting that the July 2 delivery did not fully satisfy Rule 4. Plaintiff does not rely on Defendants' actual notice as a substitute for

1

proper service. Instead, Plaintiff asks the Court to permit prompt re-service so the case may proceed on its merits without unnecessary dismissal and refiling.

## ARGUMENT

### I. Dismissal Is Unnecessary Because the Rule 4(m) Service Period Remains Open.

Rule 4(m) provides a plaintiff ninety days after the complaint is filed to serve a defendant. If service is not completed within that period, the Court may dismiss without prejudice or order service within a specified time; if good cause is shown, the Court must extend the time. Fed. R. Civ. P. 4(m). Plaintiff filed the Complaint on July 1, 2026. The ninety-day period therefore does not expire until September 29, 2026.

Plaintiff attempted service on July 2, only one day after filing the Complaint. Whatever the technical sufficiency of that first attempt, Plaintiff remains within Rule 4(m)'s service period and is prepared to complete service promptly through a nonparty adult process server, with both the summons and the Complaint, on a person authorized to receive service for each Defendant. Dismissal at this stage would create delay and expense without advancing any substantive interest.

### II. Any Defect in the July 2 Service Attempt Is Readily Curable, and Quashing Service Is More Appropriate Than Dismissal.

Rule 4(c)(1) requires a summons to be served with a copy of the complaint. Rules 4(e) and 4(h) identify the persons and methods by which an individual and an organization may be served. Plaintiff recognizes those requirements and will comply with them in any renewed service.

Defendants' motion expressly asks, in the alternative, that the Court quash the July 2 service attempt and require Plaintiff to serve each Defendant with a properly issued summons and a copy of the Complaint. That alternative resolves the asserted defects without terminating the action. It also avoids the needless cost of dismissal and refiling while preserving all defenses Defendants may properly assert after service.

The fact that Defendants learned of the action does not, standing alone, cure defective service. See Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 885 (8th Cir. 1996). It does, however, demonstrate that allowing a short period for corrective service will not unfairly surprise or materially prejudice Defendants.

2

Defendants have already retained counsel, reviewed the docket, and presented their service objections to the Court.

### III. The Circumstances Support a Reasonable Period to Complete Service.

When good cause is shown, Rule 4(m) requires an extension; even absent good cause, a district court may grant a discretionary extension when excusable neglect is established. Kurka v. Iowa County, Iowa, 628 F.3d 953, 957-59 (8th Cir. 2010). Plaintiff's prompt initial attempt, his pro se status, his active effort to obtain counsel, the absence of prejudice, and his commitment to immediate corrective service support allowing additional time if the Court concludes additional time is necessary.

Plaintiff requests thirty days from the Court's order to complete service. Within that period, Plaintiff will request issuance of an alias summons if needed and will arrange service of the summons and Complaint on each Defendant through a method authorized by Rule 4 and applicable Missouri law.

### CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss to the extent it seeks dismissal. In the alternative, Plaintiff requests that the Court quash the July 2, 2026 service attempt without dismissing the action and allow Plaintiff thirty days from the Court's order to complete proper service on Timothy Simmons and IBB.

Respectfully submitted,

/s/ Adam J. Mendenhall
Adam J. Mendenhall, Pro Se
823 Lake Forrest
Bonner Springs, KS 66012
Telephone: (913)284-6927
Email: boilermakermrpookie@yahoo.com

3

**CERTIFICATE OF SERVICE**

I certify that on August 6th, 2026, I placed a true and correct copy of the foregoing in the United States mail, first-class postage prepaid, addressed to:

Raymond Salva, Jr.
Fiona E. Taus
BOYD KENTER THOMAS & PARRISH, LLC
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051

I also sent a courtesy copy by email to rsalva@bktplaw.com and ftaus@bktplaw.com.

/s/ Adam J. Mendenhall
Adam J. Mendenhall

4